RE: 40 O.S. 483 (1989)
THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR INFORMAL ADVICE CONCERNING THE FOLLOWING QUESTION:
 DOES 40 O.S. 483 (1989) (SENATE BILL 7911) DIVEST THE OKLAHOMA COUNCIL ON VOCATIONAL EDUCATION OF ITS FISCAL RESPONSIBILITY GRANTED BY THE FEDERAL GOVERNMENT?
THE OKLAHOMA COUNCIL ON VOCATION EDUCATION (HEREINAFTER SCOVE) WAS CREATED PURSUANT TO THE PROVISIONS OF THE CARL D. PEKINS VOCATIONAL EDUCATION ACT (PUBLIC LAW 98-524). SECTION 112 OF THE PERKINS ACT STATES IN PERTINENT PART:
 "(A) EACH STATE WHICH DESIRES TO PARTICIPATE IN VOCATIONAL EDUCATION PROGRAMS . . . FOR ANY FISCAL YEAR SHALL ESTABLISH A STATE COUNCIL
 (F)(L)(A) FROM THE AMOUNTS APPROPRIATED THE SECRETARY SHALL MAKE GRANTS TO STATE COUNCILS.
 (2) THE EXPENDITURE OF THE FUNDS PAID PURSUANT TO THIS SUBSECTION IS TO BE DETERMINED SOLELY BY THE STATE COUNCIL FOR CARRYING OUT ITS FUNCTIONS UNDER THIS ACT, AND MAY NOT BE DIVERTED OR REPROGRAMMED FOR ANY OTHER PURPOSE BY ANY STATE BOARD, AGENCY, OR INDIVIDUAL. EACH STATE COUNCIL SHALL DESIGNATE AN APPROPRIATE STATE AGENCY OR OTHER PUBLIC AGENCY, ELIGIBLE TO RECEIVE FUNDS UNDER THIS ACT, TO ACT AS ITS FISCAL AGENT FOR PURPOSES OF DISBURSEMENT, ACCOUNTING, AND AUDITING.
PURSUANT TO THE ABOVE REFERENCED SECTIONS OF THE PERKINS ACT SCOVE HAS THE SOLE STATUTORY AUTHORITY TO DESIGNATE ITS FISCAL AGENT.
THE FEDERAL GOVERNMENT ACTING WITHIN THE LIMITS OF ITS CONSTITUTIONAL AUTHORITY IS THE SUPREME LAW OF THE LAND AND WILL PREVAIL OVER STATE LAW. TESTA V. KATT,67 S.CT. 810, 330 U.S. 386, 91 L.ED. 967 (1947).
A STATE LAW WHICH CONFLICTS WITH THE EXERCISE OF THE FEDERAL GOVERNMENT'S POWER MUST ALWAYS YIELD. FREE V. BLAND, 82 S.CT. 1089, 369 U.S. 663, 8 L.ED.2D 180 (162). HOWEVER THERE IS NO CONSTITUTIONAL OBJECTION TO REGULATIONS OF THE SAME SUBJECT MATTER BY BOTH CONGRESS AND STATE LEGISLATURES AS LONG AS SUCH REGULATION ARE NOT IN CONFLICT. ANTONIE V. WASHINGTON, 95 S.CT. 944,420 U.S. 194, 43 L.ED.2D 129 (1975).
THE TEST TO DETERMINE IF STATE LAW MUST YIELD TO FEDERAL LAW CONCERNING THE SAME SUBJECT MATTER, IS WHETHER THE STATE LAW FRUSTRATES THE OPERATION OF THE FEDERAL LAW AND PREVENTS THE ACCOMPLISHMENT OF ITS PURPOSE, IF SO THE STATE LAW MUST YIELD. FLORIDA LIME AND AVOCADO GROWERS INC. V. PAUL, 83 S.CT. 1210, 373 U.S. 132, 10 L. ED.2D 248 (1963), REHEARING DENIED 83 S.CT. 1861, 374 U.S. 858, 10 L.ED.2D 1082 (1963).
IN DETERMINING WHETHER A FEDERAL STATUTE SUPERSEDES STATE LAW THE ENTIRE OBJECTIVE OF THE FEDERAL STATUTE MUST BE CONSIDERED. THE NATURE OF THE POWER EXERTED BY CONGRESS, THE OBJECT SOUGHT TO BE ATTAINED, AND THE CHARACTER OF THE OBLIGATION IMPOSED BY THE LAW ARE ALL IMPORTANT IN DETERMINE WHETHER STATE LAW MUST YIELD. HINES V.DAVIDOWITZ,61 S.CT. 399, 312 U.S. 52, 85 L.ED. 581 (1941). THE INTENTION OF CONGRESS TO EXCLUDE STATE LEGISLATION ON THE SAME SUBJECT MATTER MUST BE CLEARLY MANIFESTED. CITY OF BURBANK V. LOCKHEED AIR TERMINAL, INC., 93 S.CT. 1854, 411 U.S. 624, 36 L.ED.2D 547 (1973). Y
THE VARIOUS STATE COUNCILS ON VOCATIONAL EDUCATION, INCLUDING THE OKLAHOMA COUNCIL, WHERE CREATED AS A MEANS TO PROVIDE INDEPENDENT ADVICE TO THE PUBLIC AND TO THE STATE BOARDS ON VOCATIONAL EDUCATION. FURTHER THE COUNCILS HAVE THE SPECIFIC DUTY OF EVALUATING THE USE OF FEDERAL FUNDS BY THE STATES.
TITLE 40 O.S. 483 (1989) PURPORTS TO REMOVE ALL ADMINISTRATIVE RESPONSIBILITIES FROM SCOVE AND PLACE THE SAME WITH THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION. TO THE EXTENT THAT THIS PROVISION (40 O.S. 483) WOULD REMOVE THE EXPENDITURE OF FUNDS DETERMINATIONS FROM SCOVE, AS WELL AS THE INDEPENDENT DESIGNATION OF A FISCAL AGENT, SUCH PROVISION APPEARS TO BE INVALID UNDER THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION.
IN LAWRENCE COUNTY V. LEAD-DEADWOOD SCHOOL DIST.,469 U.S. 256, 83 L.ED.2D 635, 105 S.CT. 695 (1985) THE COURT HELD THAT WHERE CONGRESS IS SUFFICIENTLY CLEAR IN ITS INTENTIONS TO PROHIBIT STATE IMPOSED LIMITATIONS ON THE USE OF FEDERAL FUNDS BY LOCAL GOVERNMENTS, STATE STATUTES REGULATING THE DISTRIBUTION OF FUNDS ARE INVALID UNDER THE SUPREMACY CLAUSE. CONGRESS HAS BEEN VERY CLEAR IN THE EXPRESSION OF ITS INTENTION CONCERNING THE USE OF FUNDS GRANTED PURSUANT TO THE PERKINS ACT AS WELL AS THE DESIGNATION OF THE FISCAL AGENT.
INASMUCH AS THE PERKINS ACT GRANTS SCOVE THE ABSOLUTE DISCRETION TO DETERMINE THE EXPENDITURE OF FUNDS AND THE DESIGNATION OF A FISCAL AGENT 40 O.S. 483 (1989) IS INVALID AND PREEMPTED BY THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION.
(TAMMY M. THOMPSON)